IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHERYL RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-00511-SM |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 31, 2020, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation (Dkt. 15) pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Magistrate Judge Mitchell recommends dismissal without prejudice of Plaintiff's claims based on her failure to serve Defendant within 90 days of the filing of her Complaint (Dkt. 1)—as required by Rule 4(m) of the Federal Rules of Civil Procedure—and on her failure to obtain an extension of time to serve Defendant after the expiration of the 90-day period.

Plaintiff Cheryl Rodgers, appearing *in forma pauperis* and through attorney Casey L. Saunders, filed this action on June 4, 2019, pursuant to 42 U.S.C. § 405(g), appealing the final decision of Defendant Commissioner denying her application for Disability Insurance benefits and Supplemental Security Income benefits. After 150 days with no

1

filing of proof of service or an answer,[1] Magistrate Judge Mitchell issued a show cause order requiring Plaintiff to explain the apparent failure to serve Defendant.[2] In response, Plaintiff's counsel "apologize[d] to the Court for failing to comply with Fed. R. Civ. P. 4(m)" and advised that he has been going through a difficult divorce that has impacted his law practice insofar as his former spouse also served as his paralegal and that he also "experience[ed] a sharp decline in his physical health, prompting medical testing and changes in medications" from mid-summer to November 2019.[3] Those extenuating circumstances "led to the unintentional missing of deadlines," prompting a request to "allow him to file *the* proof of service with the Court."[4] Magistrate Judge Mitchell then sought clarification whether the referenced proof of service is proof of timely service.[5] The response from Plaintiff's attorney indicated that he "did not serve Defendant within ninety days of filing" but rather "serv[ed] Defendant after the expiration of the ninety-day period without first seeking an extension of time from the Court," and then proceeded to "ask[] the Court to exercise its discretion in allowing Plaintiff to effect service upon Defendant."[6]

---

[1] This time period is derived from adding the 90-day period during which Plaintiff must effect service under Rule 4(m) to the 60-day period during which the United States must file an answer pursuant to Rule 12(a)(2).

[2] Order to Show Cause (Dkt. 7) at 1.

[3] Resp. to Ct.'s Order to Show Cause (Dkt. 8) at 1.

The Court takes judicial notice of the pendency of Mr. Saunders divorce proceeding, *Saunders v. Lawrence*, No. FD-2019-0003 (Okla. Dist. Ct., Murray Cty. filed Jan. 25, 2019).

[4] Resp. to Ct.'s Order to Show Cause (Dkt. 8) at 1–2 (emphasis added).

[5] Order to Suppl. Resp. to Show Cause Order (Dkt. 9) at 2.

[6] Resp. to Ct.'s Order to Suppl. (Dkt. 10) at 1.

Plaintiff's counsel also argued that dismissal without prejudice would effectively preclude her from pursuing her case because the applicable deadline for filing the case had already passed.[7] Defendant subsequently appeared and filed an Answer (Dkt. 12).

Based on this record, Magistrate Judge Mitchell issued her Report and Recommendation (Dkt. 15) recommending dismissal without prejudice of Plaintiff's claims. Magistrate Judge Mitchell found that "Plaintiff ha[d] not established good cause for her failure to serve Defendant in this case and 'is [not] entitled to a mandatory extension of time" under Rule 4(m) and that "a permissive extension of time for service of process is not justified . . . [because] Plaintiff has not provided the court with any reason, factual or legal, to exercise its discretion in favor of extending the time for service."[8] Plaintiff was given until February 21, 2020, to file any objection to the Report and Recommendation (Dkt. 15),[9] which she did not do.

When an objection is filed, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff.[10] In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.[11] The Court reviews this recommendation de

---

[7] *Id.* (citing *Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995)).

[8] R. & R. (Dkt. 15) at 7, 10.

[9] *Id.* at 11.

[10] Fed. R. Civ. P. 72(b)(3).

[11] *See Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991); *Turner v. Falk*, No. 1:13-cv-02957-PAB-MJW, 2014 WL 2198540, at *1 (D. Colo. May 27, 2014); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any

novo. Consequently, the issue before the Court is whether the Plaintiff's action should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In light of the extenuating circumstances that led to the deadline being missed, Plaintiff's effectuation of service (albeit late), the appearance of Defendant, and the preference for granting relief where the applicable statute of limitations would bar refiling, the appropriate action is no action. Rule 4(m) does not mandate dismissal when good cause is not shown; it only requires that the Court either dismiss the action without prejudice or order that service be made within a specified time. The Court could order Plaintiff to serve Defendant within a specified time, but it appears she has already served Defendant, thereby obviating the need for such an order.[12]

---

other standard, when neither party objects to those findings"); *Delgado v. Bowen,* 782 F.2d 79, 81–82 (7th Cir. 1986) ("[Section 636(b)(1)] should be read as *permitting* modifications and *de novo* determinations by the district judge at all times but mandating *de novo* determinations when objections are raised").

[12] Had Plaintiff not yet served Defendant and requested an extension of time in her initial Response to the Court's Order to Show Cause (Dkt. 8), she presumably would have been entitled to an extension under the equities of the case. *See* Enter Order (Dkt. 5) at 1, *Haraughty v. Saul*, No. 5:19-cv-00510-P (W.D. Okla. Nov. 4, 2019) (granting Plaintiff's attorney an 8-day extension in one of his other cases based on the same extenuating circumstances); Enter Order (Dkt. 7) at 1, *Odea v. Comm'r of Social Sec. Admin.*, No. 5:19-cv-00574-P (W.D. Okla. Nov. 4, 2019) (same).

Accordingly, upon de novo review, the Court **DECLINES** to adopt the Report and Recommendation (Dkt. 15). Magistrate Judge Mitchell shall conduct additional proceedings in this case consistent with this Order and in accordance with General Order No. 16-4.

**IT IS SO ORDERED this 28th day of February, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE